The Honorable James Norton State Representative 3132 Bolin Hill Road Harrison, AR 72601
Dear Representative Norton:
I am writing in response to your request for an opinion the following:
 This is a request for your written opinion regarding the following questions pertaining to the Arkansas Natural Resource Commission (ANRC) and Conservation Districts:
 1. What is the order of authority between the Arkansas State Conservation Districts and the ANRC (formerly ASWCC) based on Act 197 of 1937 and all subsequent amendments and other pertinent Acts, with special regard, but not limited to the issues of "soil wastage/soil erosion/non-point source pollution/watershed management"?
 2. What is the status of "legal immunity" for state Conservation Districts? Does it exist or not exist, and if so to what degree?
 3. In light of your answer to #2 above, would the recent warning by federal NRCS agents be possible, that if Conservation Districts assume/assert watershed management authority, they would likely be sued by the State of Oklahoma in Washington and Benton County Conservation Districts? How would this be different from the present litigation implications between Oklahoma and Arkansas? Also, what legal defense options would be available to the local Conservation Districts?
 4. Please list all possible ways by which state authorized (local) Conservation Districts are statutorily directed or allowed to be funded?
RESPONSE
Because of pending litigation, namely Oklahoma v. Tyson, etal., Case No. 4:05-CV-329-TCK-SAJ filed in the United States District Court for the Northern District of Oklahoma, I must decline to answer Questions One, Two, and Three in light of this office's long-standing policy against opining on matters that are the subject of pending litigation. With respect to your fourth question, A.C.A. §§ 14-125-101 through -907 (Repl. 1998 Supp. 2005) elaborate on the various methods of funding available for the functioning of local conservation districts. You may also contact the Arkansas Natural Resources Commission ("ANRC"), formerly the Arkansas Soil and Water Conservation Commission ("ASWCC"), for more information at (501) 682-1611. Please see below for specific discussion.
Question One: What is the order of authority between theArkansas State Conservation Districts and the ANRC (formerlyASWCC) based on Act 197 of 1937 and all subsequent amendments andother pertinent Acts, with special regard, but not limited to theissues of "soil wastage/soil erosion/non-point sourcepollution/watershed management"?
As an initial matter, your request for an opinion appears to inquire after the respective authority granted to conservation districts[1] in A.C.A. §§ 14-125-101 through -907, and the authority of the State, through the ANRC, to regulate and oversee certain conservation and pollution-related issues. In my opinion, this issue would potentially impact pending litigation regarding the propriety of certain watershed and non-point source pollution issues in northwest Arkansas. Specifically I am referring toOklahoma v. Tyson, et al., Case No. 4:05-CV-329-TCK-SAJ filed in the United States District Court for the Northern District of Oklahoma. Although I have a statutory duty to render my opinion to members of the legislature and various state officials regarding various matters of state law, see A.C.A. § 25-16-706
(Repl. 2002), my office adheres to a long-standing policy against issuing opinions concerning matters that are the subject of pending or impending litigation. In recognition of the judiciary's independent constitutional role, it has long been the policy Attorney General, as an office in the executive branch of government, to refrain from rendering opinions on matter that are pending before the courts for determination. See, e.g., Ops. Att'y Gen. No. 2005-031; 2005-003; 2003-182; 2003-032; 2002-302; 99-389; 97-329; and 97-105. Any opinion issued from my office would constitute an executive comment on matters that are properly before a judicial body at this time.
Question Two: What is the status of "legal" immunity for stateConservation Districts? Does it exist or not exist, and if so towhat degree?
In my opinion, this question also potentially impacts the case, mentioned in response to Question One, filed in Oklahoma. As evidenced by the text of your third inquiry, the concern over immunity is in relation to the ongoing litigation as well as potential additional litigation on the issues at stake in the above cited case. For the same reasons discussed above, I must decline to offer an opinion on this matter at this time.
Question Three: In light of your answer to #2 above, would therecent warning by federal NRCS agents be possible, that ifConservation Districts assume/assert watershed managementauthority, they would likely be sued by the State of Oklahoma inWashington and Benton County Conservation Districts? How wouldthis be different from the present litigation implicationsbetween Oklahoma and Arkansas? Also, what legal defense optionswould be available to the local Conservation Districts?
Clearly, the third question posed is directly in contemplation of the ongoing litigation previously mentioned in response to Question One and to Question Two. For the same reasons set forth above, I must decline to offer an opinion on this matter at this time.
Additionally, the legal defense options of a conservation district in a hypothetical lawsuit are best discussed with counsel for those districts[2] or the Arkansas Association of Conservation Districts.
Question Four: Please list all possible ways by which stateauthorized (local) Conservation Districts are statutorilydirected or allowed to be funded?
Several funding mechanisms coexist in the applicable law. Primarily, local conservation districts are eligible to receive funds from the state through the Natural Resource Commission[3] pursuant to A.C.A. § 14-125-109 (Supp. 2005). Additionally, federal funds may be available for certain projects as coordinated through the ANRC. A.C.A. § 14-125-108(c)(4) (Repl. 1998). It is my understanding that these grants and appropriations are the primary method of funding conservation districts.
The districts are also authorized to receive gifts under A.C.A. § 14-125-303 (Repl. 1998).
Additionally, when a properly proposed improvement plan has been adopted and approved by the county in which the conservation district exists pursuant to A.C.A. §§ 14-125-601 through -608 (Repl. 1998), there is authority for a conservation district to levy taxes specifically to further the completion of the improvement plan pursuant to A.C.A. §§ 14-125-701 through -711 (Repl. 1998).
The Board of Directors of a conservation district is authorized under certain circumstances to borrow money or to issue bonds.See A.C.A. §§ 14-125-801 through -806 (Repl. 1998). Authority to issue the bonds is dependent on approval by "the chancery court."[4] A.C.A. § 14-125-801(a) (Repl. 1998).
For further information on the current funding structure of conservation districts in general or a particular conservation district, you may consult with counsel for the individual districts, the ANRC at (501) 682-1611, or the Arkansas Association of Conservation Districts at (501) 682-2915.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] You refer to "Arkansas State Conservation Districts" in Question One and "state authorized (local) Conservation Districts" in Question Four. I feel it important to clarify that all districts created under the codification of Act 197 of 1937 and subsequent amendments, A.C.A. §§ 14-125-101 through -907, are "conservation districts." See A.C.A. § 14-125-106(1) (Repl. 1998).
[2] The Arkansas Code provides that the board of directors of a conservation district may "call upon" the legal counsel of the ANRC or the Office of the Attorney General for legal services. A.C.A. § 14-12-305 (Repl. 1998). Proper consultation with the Attorney General's Office should proceed through the assigned attorney from the Civil Department.
[3] Section 14-125-109 of the Arkansas Code predates Act 1243 of 2005 which renamed the ASWCC the ANRC.
[4] Section 14-125-801 of the Arkansas Code predates Amendment80 to the Arkansas Constitution, which abolished "Chancery Courts" and vested the full powers of chancery in the circuit courts, see Ark. Const., amend. 80, § 19(B)(1).